IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-73-BO

| | |
|---|---|
| DANIEL MCLEOD PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 21] and defendant's motion for summary judgment [DE 24]. A hearing was held on the motions before the undersigned on June 17, 2021, at Edenton, North Carolina. For the reasons that follow, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff filed an application for a period of disability and disability insurance benefits on March 6, 2017, alleging a disability onset date of July 25, 2014, which was amended to April 16, 2016 on March 6, 2017. After initial denials, an administrative law judge (ALJ) held a hearing on March 14, 2019, and subsequently found that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 16, 2016. The ALJ found that plaintiff's obesity, right shoulder degenerative disc disease/partial tear with impingement, cervical spine degenerative disk disease, osteoarthritis/degenerative joint disease right foot, status-post multiple concussive injuries with residual symptoms, tinnitus, headache, depressive disorder, anxiety disorder, and posttraumatic stress disorder (PTSD) were severe impairments at step two, but that either alone or in combination his impairments did not meet or equal a Listing. The ALJ further found that plaintiff had moderate limitations in the criteria of understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace and mild limitations in the ability to adapt or manage oneself. The ALJ determined that plaintiff had the residual functional capacity to perform light work with limitations and at steps four and five found that plaintiff was unable to perform past relevant work but that, considering his age, education, work experience, and RFC,

3

there were jobs that existed in significant numbers in the national economy which plaintiff could perform. Thus, a finding of not disabled was directed.

Upon review of the record and decision, the Court concludes that reversal is appropriate because the ALJ failed to give adequate weight to plaintiff's Veterans Administration (VA) rating or, at a minimum, provide sufficient reasons for discounting that rating. The VA has found that plaintiff is totally and permanently disabled. In *Bird v. Comm'r of Soc. Sec.*, the Fourth Circuit noted that the VA and Social Security determinations are "closely related [and] a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." 699 F.3d 337, 343 (4th Cir. 2012). The court has held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Id.* In order to afford less than "substantial weight" to the disability determinations of other government agencies, the ALJ must give "persuasive, specific, valid reasons for doing so that are supported by the record." *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018).

The ALJ gave no valid reasons for affording less than substantial weight to the VA decision, much less persuasive ones. Simply noting the difference in the standards employed by the VA and the Social Security Administration is insufficient to justify deviation under *Bird*. The ALJ in this case did not explain how the rating was inconsistent with the record, much less perform a meaningful comparison between the medical evidence and the findings in the VA rating decision. Instead, the ALJ merely relied on impermissible reasons for affording less than substantial weight to the rating, stating that "VA ratings are different from the SSA system." A review of the record makes clear that this was not harmless error.

Furthermore, the ALJ gave less than controlling weight to the February 2019 medical source statement (MSS) of Dr. Edwin W. Hoeper, defendant's treating physician. Under the treating physician rule, "the opinion of a claimant's treating physician [must] be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 107 (4th Cir. 2020) (quoting *Coffman v. Bowen*, 829 F.2d 514, 417 (4th Cir. 1987)). A treating physician's opinion is controlling "unless it is unsupported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with other substantial evidence of record." *Stephens v. Astrue*, 533 F. Supp. 2d 598, 600 (E.D.N.C. 2008) (citing 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). The treating physician rule is applicable to cases filed before March 27, 2017. *See Brown v. Comm'r Soc. Sec. Admin.*, 873 F. 3d 251, 255 (4th Cir. 2017).

Dr. Hoeper's MSS diagnosed plaintiff with PTSD and migraine headaches and cited several signs and symptoms to support his diagnosis, including poor memory, sleep disturbance, mood disturbance, emotional lability, recurrent pain attacks, anhedonia, psychomotor agitation or retardation, difficulty thinking or concentrating, social withdrawal, decreased energy, intrusive recollections of a traumatic experience, generalized persistent anxiety, and hostility and irritability. Dr. Hoeper estimated that plaintiff would be absent from work more than three times a month because of his impairments. Dr. Hoeper concluded that plaintiff had a marked loss of ability in remembering locations and work-like procedures; understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extended period; working in coordination with or proximity to others without being unduly distracted; and making simple work-related decisions and that he had an extreme loss of ability in maintaining regular attendance,

5

dealing with the stress of semi-skilled and skilled work, completing a normal workday or workweek without interruptions from psychologically-based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods.

The record abundantly supports Dr. Hoeper's MSS. As previously discussed, the VA found that plaintiff was totally and permanently disabled, and the record shows that plaintiff's subjection to trauma, namely experiencing fellow Marines being wounded by improvised explosive devices (IEDs) in his relatively immediate presence and experiencing IEDs himself on multiple occasions, was reasonably likely to cause PTSD in the amount and degree plaintiff alleged. Furthermore, plaintiff's RBANS testing in 2015 showed his attention index was more than 1.5 standard deviations below the mean, or lower than the seventh percentile. The ALJ's only reason for failing to give Dr. Hoeper's MSS great weight appears to be the fact that the MSS was on a check-box form without any rationale. However, the Court finds this an insufficient reason for failing to give adequate weight to the MSS. *See Mark v. Colvin*, 25 F. Supp. 3d 1345, 1350, n.4 (D. Colo. 2014) ("The ALJ's subtly derisive reference to [the treating physician's] use of a check box form to express his opinion provides no basis in itself for assigning less weight to the opinion of the treating source.") (citing *Andersen v. Astrue*, 319 F. App'x 712, 723–24 (10th Cir. 2009)); *Neff v. Colin*, 639 F. App'x 459 (9th Cir. 2016) ("Opinions in 'check-box form' can be entitled to substantial weight when adequately supported.").

The Court in its discretion finds that reversal and remand for benefits is appropriate. The ALJ failed to give appropriate weight to either the VA disability rating or the MSS of the treating physician. When plaintiff's medical conditions are considered in combination with the VA disability rating and the MSS of Dr. Hoeperr, there is not substantial evidence to support a denial

6

of benefits. Reopening this case for another hearing would serve no purpose, and the ALJ's decision must be reversed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 21] is GRANTED. Defendant's motion for summary judgment [DE 24] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits. The clerk is DIRECTED to close the case.

SO ORDERED, this __18__ day of June, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE